1  William D. Naeve (SBN 92270)
      wnaeve@murchisonlaw.com
2  Bryan M. Weiss (SBN 128679)
      bweiss@murchisonlaw.com
3  **MURCHISON & CUMMING, LLP**
   275 Battery Street, Suite 850
4  San Francisco, California 94111
   Telephone: (415) 524-4300
5  Facsimile: (415) 391-2058

6  Attorneys for Plaintiff,
   SENECA INSURANCE COMPANY, INC.

7

8              UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

10

| | |
|---|---|
| 11  SENECA INSURANCE COMPANY, INC., | CASE NO. |
| 12  Plaintiff, | **COMPLAINT FOR REFORMATION, DECLARATORY JUDGMENT AND REIMBURSEMENT** |
| 13  vs. | |
| 14  CYBERNET ENTERTAINMENT, LLC; KINK STUDIOS, LLC; ARMORY STUDIOS, LLC; PETER ACWORTH, AN INDIVIDUAL; HOGAN KARL, aka VAN DARKHOLME, AN INDIVIDUAL; JOSHUA CHATTERLEY AKA SEBASTIAN KEYS, AN INDIVIDUAL; CHRISTINE CORRIGAN aka TOMCAT: SARA DIERDORF CORRIGAN, AN INDIVIDUAL; JOSHUA RODGERS, AN INDIVIDUAL; AND CAMERON ADAMS, AN INDIVIDUAL, | *[California Civil Code Section 3399 et seq; Federal Rules of Civil Procedure, Rule 57, et seq.]* |
| | **DEMAND FOR JURY TRIAL** |
| | *[Federal Rules of Civil Procedure, Rule 38(b)(1)]* |
| 20  Defendants. | |

23  **COMES NOW**, Plaintiff, Seneca Insurance Company, and complains of Defendants

24  CYBERNET ENTERTAINMENT, LLC; KINK STUDIOS, LLC; ARMORY STUDIOS, LLC;

25  PETER ACWORTH, an individual; HOGAN KARL, aka Van Darkholme, an individual;

26  JOSHUA CHATTERLEY aka SEBASTIAN KEYS, an individual; CHRISTINE CORRIGAN aka

27  Tomcat, an individual; SARA DIERDORF CORRIGAN, an individual; JOSHUA RODGERS,

28  an individual; CAMERON ADAMS, an individual, and each of them as follows:

1
2
3

## I. SUBJECT MATTER JURISDICTION

4
5
6
7
8
9

This United States District Court has subject matter jurisdiction in this litigation pursuant to 28 USC section 1332(a)(1) inasmuch as the matter in controversy herein exceeds the sum or value of $75,000 exclusive of interests and costs as is more fully alleged herein below and inasmuch as the parties hereto are citizens of different states as is more fully alleged herein below.  This Court also has jurisdiction over these claims under 28 U.S.C. § 2201, the Declaratory Judgment Act.

10
11
12

## II. PARTIES

13
14
15
16

2.      Plaintiff, SENECA INSURANCE COMPANY, INC. ("Seneca") is, and at all times herein mentioned was, a citizen of the State of New York and is a corporation duly organized and existing under the laws of the State of New York which maintains its principal place of business in the City of New York, State of New York.

17
18
19
20
21
22
23

3.      Plaintiff is informed and believes and based thereon alleges that Defendant, CYBERNET ENTERTAINMENT, LLC ("Cybernet") is a citizen of the State of California and is a Limited Liability Corporation which was formed and organized under the laws of the State of California and is registered and licensed to transact and is transacting business in the City of San Francisco, County of San Francisco, State of California which maintains its principal place of business at 1800 Mission Street, City of San Francisco, County of San Francisco, State of California.

24
25
26
27
28

4.      Plaintiff is informed and believes and based thereon alleges that Defendant PETER ACWORTH ("Acworth") is an individual who serves as the sole Managing Member of Cybernet.  Plaintiff is further informed and believes and based thereon alleges that Defendant Acworth is a citizen of the State of California who resides in the City of San Francisco, County of San Francisco, State of California.

5.      Plaintiff is informed and believes and based thereon alleges that Defendant KINK STUDIOS, LLC ("Kink Studios"), is a citizen of the State of California and is a Limited Liability Corporation which was formed and organized under the laws of the State of California and is registered and licensed to transact and is transacting business in the City of San Francisco, County of San Francisco, State of California.  Plaintiff is informed and believes and based thereon alleges that Defendant Acworth is an individual who serves as the Sole Managing Member of Kink Studios.

6.      Plaintiff is informed and believes and based thereon alleges that Defendant ARMORY STUDIOS, LLC ("Armory") is a citizen of the State of California and is a Limited Liability Corporation which was formed and organized under the laws of the State of California and is registered and licensed to transact and is transacting business in the City of San Francisco, County of San Francisco, State of California which maintains its principal place of business at 1800 Mission Street, City of San Francisco, County of San Francisco, State of California.  Plaintiff is informed and believes and based thereon alleges that Defendant Acworth is an individual who serves as the Sole Managing Member of Armory.

7.      Plaintiff is informed and believes that defendants Hogan Karl, aka Van Darkholme, Joshua Chatterley aka Sebastian Keys, Christine Corrigan aka Tomcat and Sara Dierdorf Corrigan, and each of them, are individuals who are citizens of the State of California who reside in the county of San Francisco, State of California.

8.      Individual Defendants Hogan Karl, aka Van Darkholme, Joshua Chatterley aka Sebastian Keys, Christine Corrigan aka Tomcat, and Sara Dierdorf Corrigan, and each of them, are joined herein because plaintiff herein, SENECA has been asked to assume and provide a defense to these parties with regard to their status as defendants in the Underlying Litigation as further described herein.

9.      Cybernet Entertainment, LLC,  Kink Studios, LLC,  Peter Acworth, Hogan Karl, aka Van Darkholme,   Joshua Chatterley aka Sebastian Keys, Christine Corrigan aka Tomcat and Sara Dierdorf Corrigan, and each of them, are occasionally referred collectively herein as the *Cybernet Defendants*.

10.     Plaintiff is informed and believes and based thereon alleges that Defendant JOSHUA RODGERS ("Rodgers") is an individual who is a citizen of the State of California and a resident of San Francisco, California.  Rodgers is included in this action by virtue of the fact he is the Plaintiff in the action entitled "Joshua Rodgers v. Kink Com., etc., et al." and identified as Case No. CGC-15-547036 (hereinafter "*the Rodgers lawsuit*") against certain of the Defendants herein.

11.     Plaintiff is informed and believes and based thereon alleges that Defendant CAMERON ADAMS ("Adams") is an individual who is a citizen of the State of California and a resident of San Francisco, California.  Adams is included in this action by virtue of the fact that she is the Plaintiff in the action entitled "Cameron Adams v. Kink, etc., et al." and identified as San Francisco Superior Court Case no. CGC-15-547035 ("*the Adams lawsuit*") against certain of the Defendants herein.

12.     Seneca is informed and believes and based thereon alleges that at all times hereinabove mentioned each of the Cybernet Defendants were the agents and employees of each of the remaining Cybernet Defendants, and in doing the things hereinafter alleged, was acting within that course and scope of that agency and employment.

---

### III. THE AMOUNT IN CONTROVERSY

13.     The amount in controversy exceeds the jurisdictional limits of this court inasmuch as the policy of liability insurance at issue in this action has per occurrence of limits of $1 million with aggregate limits of $2 million dollars.  (*Horton v. Liberty Mut. Ins. Co.* (1961) 367 US 348, 353-354; *Hunt v. Washington State Apple Advertising Comm'n*, (1977) 432 U.S. 333, 343.)

### IV. VENUE

14.     Venue in this district and division is proper pursuant to 28 USC §1391 (b)(1) insofar as all Defendants are residents of the state in which the district is located and also are

1    residents of the district.  Additionally, venue is proper pursuant to 28 USC §1391(b)(2) insofar

2    as a substantial part of the events or omissions giving rise to the claim occurred in this

3    district.

### V. INTRADISTRICT ASSIGNMENT

6    15.    Seneca is unaware of any basis for assignment of this case pursuant to Civil L.R.

7    3-2(c), but rather is informed and believes this case should be assigned to the San Francisco or

8    Oakland Divisions pursuant to Civil L.R. 3-2(d).

### VI. GENERAL LIABILITY POLICIES ISSUED BY SENECA TO CYBERNET

11   16.    Seneca initially issued a policy of liability insurance identified as Policy Number

12   GLP4600447 effective April 30, 2009 to April 30, 2010 to Cybernet ("*the original Seneca Policy.*")

13   The named insureds under *the original Seneca Policy* were identified as Cybernet

14   Entertainment, LLC, and Kink Studios, LLC.  *The original Seneca Policy* included a

15   "Commercial General Liability Coverage Part," and a "Commercial Automobile Coverage

16   Part."  Attached hereto as Exhibit "1" and incorporated herein by reference is a true and

17   correct copy of relevant portions of *the original Seneca Policy.*  Cybernet's business description

18   contained in *the original Seneca Policy* was "Film Production Office & Studio."  *The original*

19   *Seneca Policy* offered commercial or general liability coverage and commercial automobile

20   coverage with limits of $1 million dollars per occurrence and a $2 million dollars general

21   aggregate limit.

22   17.    *The original Seneca Policy* included an endorsement identified as Form BE-27 and

23   entitled "*Injury to Cast or Crew Exclusion*."  This exclusion reads, in its entirety, as follows:

The following exclusion is added to Paragraph 2., **Exclusions of**

**Section I -- Coverage A --Bodily Injury And Property Damage Liability** and

Paragraph **2., Exclusions of Section I -- Coverage B -- Personal And Advertising**

**Injury Liability**:

COMPLAINT FOR REFORMATION, DECLARATORY JUDGMENT AND REIMBURSEMENT

1    This insurance does not apply to "bodily injury", or "personal and
2    advertising injury" to members of the cast or crew whether engaged as employees of
3    the insured, independent contractors or in any other capacity.
4    (See *the original Seneca Policy*, attached hereto as Exhibit "1."

5    18.    *The original Seneca Policy* was renewed for additional terms.  In particular, *the
6    original Seneca Policy* was renewed for successive one-year policy periods from April 30, 2009
7    to April 30, 2010; from April 30, 2010 to April 30, 2011; from April 30, 2011 to April 30, 2012;
8    and from April 30, 2012 to April 30, 2013.  Each such renewal policy contained the identical
9    endorsement Form BE-27 "Injury to Cast or Crew Exclusion" as was contained in *the original*
10   *Seneca Policy*.

11   19.    *The original Seneca Policy* was again renewed for the period April 30, 2013 to
12   April 30, 2014 (hereinafter *"the Renewed Seneca Policy"*).  *The Renewed Seneca Policy* effective
13   April 30, 2013 again offered commercial general liability coverage and commercial
14   automobile coverage with limits of $1 million dollars per occurrence and a $2 million dollars
15   general aggregate limit.  Two of the named insureds under *the Renewed Seneca Policy* were
16   Cybernet Entertainment, LLC; and Kink Studios, LLC ("the Cybernet named insured.")

17   20.    *The Renewed Seneca Policy* contained a document entitled, "*Schedule of Forms and*
18   *Endorsements*" which identified all of the forms and endorsements Seneca intended to include
19   in *the Renewed Seneca Policy* it issued to the Cybernet named insureds.  Among other forms
20   and endorsements, the "*Schedule of Forms and Endorsements*" attached to *the Renewed Seneca*
21   *Policy* issued to the Cybernet named insureds covering the period from April 30, 2013 to April
22   30, 2014 indicated that *the Renewed Seneca Policy* contained Form No. CG 21 32 (05-09) entitled,
23   "*Communicable Disease Exclusion*" and Endorsement Form BE-27 entitled,  "*Injury to Cast or*
24   *Crew Exclusion*." A true, correct and genuine copy of *the Renewed Seneca Policy* Seneca believed
25   and intended to issue to the Cybernet named insureds is attached hereto as Exhibit "2" and is
26   incorporated herein by reference.

27   / / /
28   / / /

## VII. LAWSUITS FILED AGAINST CYBERNET BY
## ITS ADULT MOVIE ACTORS

21.     On or about June 15, 2015, a First Amended Complaint was filed in an action initiated in San Francisco County Superior Court, entitled "John Doe v. Kink., etc., et al." and identified as Case No. CGC-15-545540 ("*the DOE lawsuit*").  A true and correct copy of *the DOE lawsuit* is attached hereto as Exhibit "3" and is incorporated herein by reference.

22.     The plaintiff in *the DOE lawsuit* alleges that he was working for the defendants named in *the DOE lawsuit* to perform sex acts in pornographic videos. (See, the Complaint filed in *the DOE lawsuit*, Paragraph 21, page 5, lines 8-11, attached hereto as Exhibit "3.")

23.     In *the DOE lawsuit*, plaintiff alleges he tested positive for HIV in June 2013, following a video shoot on or about May 3, 2013.  (See, the Complaint filed in  *the DOE lawsuit*, Paragraphs 46-53, page 9, line 19 – page 12, line 8, attached hereto as Exhibit "3.")

24.     *The DOE lawsuit* alleges causes of action for "negligence", "negligence per se," "intentional/fraudulent misrepresentation," "civil conspiracy to commit intentional fraud/fraudulent misrepresentation," "breach of implied covenant of good faith and fair dealing," "negligent supervision," "negligent hiring and/or retention," "intentional infliction of emotional distress," "premises liability," and "battery." See the Complaint filed in *the DOE lawsuit* attached hereto as Exhibit "3.")

25.     On or about June 24, 2015, an action was filed in San Francisco County Superior Court entitled "Cameron Adams v. Kink, etc., et al." and identified as San Francisco Superior Court Case no. CGC-15-547035 ("*the Adams lawsuit*") a true and correct copy of which is attached as Exhibit "4" and is incorporated herein by reference.  In *the Adams lawsuit*, plaintiff alleges she performed for Cybernet for the first time on July 31, 2013.  (See the Complaint filed in  *the Adams lawsuit*, paragraph 28, page 6, line 6-9, attached hereto as Exhibit "4.")

26.     In *the Adams lawsuit*, plaintiff further alleges she tested positive for HIV on August 21, 2013 following a video shoot on July 13, 2013.  (See the Complaint filed in  *the Adams lawsuit*, paragraphs 48-49, page 11, lines 16-20, attached hereto as Exhibit "4.")

27.     *The Adams lawsuit* included causes of actions for "negligence," "negligence per

se," "intentional fraudulent/misrepresentation," "civil conspiracy to commit intentional fraudulent/misrepresentation," "breach of implied covenant of good faith and fair dealing," "negligent supervision," "negligent hiring and/or retention," "intentional infliction of emotional distress," "premises liability," "premises liability against 2183 Mission, LLC," and "battery." (See the Complaint filed in *the Adams lawsuit* attached hereto at as Exhibit "4.")

28.     On or about July 24, 2015, an action was filed in San Francisco County Superior Court entitled "Joshua Rodgers v. Kink Com., etc., et al.") and identified as Case No. CGC-15-547036 (hereinafter "*the Rodgers lawsuit*.")  A true and correct copy of *the Rodgers lawsuit* is attached hereto as Exhibit "5" and is incorporated herein by reference.

29.     In *the Rodgers lawsuit*, plaintiff alleges he was working as an independent contractor for Cybernet to perform sex acts in pornographic videos. (See the Complaint filed in *the Rodgers lawsuit*, paragraph 26, page 6, lines 2-5, attached hereto as Exhibit "5.")  In *the Rodgers lawsuit*, plaintiff further alleges that after performing a video shoot on July 28, 2013; July 29, 2013; and August 1, 2013, he testified positive for HIV. (See the Complaint filed in *the Rodgers lawsuit*, paragraphs 42-43, page 9, lines 5-8 attached hereto as Exhibit "5.")

30.     *The Rodgers lawsuit* alleges causes of action for "negligence," "negligence per se," "intentional/fraudulent misrepresentation," "civil conspiracy to commit intentional fraud/fraudulent misrepresentation," "breach of implied covenant of good faith and fair dealing," "negligent supervision," "negligent hiring and/or retention," "intentional infliction of emotional distress," "premises liability" and "battery." (See the Complaint filed in *the Rodgers lawsuit* attached hereto as Exhibit "5.")

---

**VIII. TENDER OF DEFENSE TO SENECA AND ITS DECISION TO ASSUME ITS INSUREDS' DEFENSE UNDER A RESERVATION OF RIGHTS**

---

31.     In or about July and August of 2015, Cybernet tendered its defense of the *DOE lawsuit, the Adams lawsuit*, and the *Rodgers lawsuit* to Seneca under the auspices of *the Renewed Seneca Policy* effective April 30, 2013.  The *Doe lawsuit,* the *Adams lawsuit,* and the *Rodgers lawsuit* shall hereinafter be referred to as "the Underlying Lawsuits."  Seneca is informed and

1  believes that these tenders of defense included tenders on behalf of Kink Studios, LLC,
2  Armory Studios, LLC, Peter Acworth and the individuals named as defendants in the
3  Underlying Lawsuits, in addition to Cybernet.

4      32.    After conducting an investigation, Seneca initially declined the Tender of
5  Defense by letters dated August 18, 2015 asserting that the *"Communicable Disease Exclusion"*
6  identified as Form CG 21 32 0509 and the *"Injury to Cast or Crew Exclusion,"* identified as Form
7  BE-27 contained in *the Renewed Seneca Policy* barred coverage for the Underlying Lawsuits.  A
8  true, correct and genuine copy of the August 18, 2015 letters authored by Seneca Senior
9  Executive Claims Director, John Mrakovcic and dispatched to the Cybernet Defendants'
10 attorney Karen Tynan are attached hereto as Exhibit "6" and incorporated herein by
11 reference.

12     33.    Almost one year later—on August 12, 2016— Karen Tynan, on behalf of the
13 Cybernet insureds and those persons and entities seeking a defense under *the Renewed Seneca*
14 *Policy,* dispatched a letter to Seneca Senior Executive Claims Director, John Mrakovcic,
15 alleging for the first time that although the *Schedule of Forms and Endorsements* included in *the*
16 *Renewed Seneca Policy* and issued to Cybernet, indicated the *"Injury to Cast or Crew Exclusion"*
17 was included in *the Renewed Seneca Policy* on Form BE-27, the Form BE-27 Endorsement,
18 actually attached to *the Renewed Seneca Policy* delivered to Cybernet contained an exclusion
19 entitled, *"Injury to Volunteers Exclusion"* and not the *"Injury to Cast or Crew Exclusion.'*

20     34.    Based on her new allegation that the *Injury to Cast or Crew Exclusion* was not
21 actually attached to *the Renewed Seneca Policy* which Seneca issued to Cybernet, attorney
22 Tynan's August 12, 2016 letter (1) re-tendered the defense of the Cybernet named insureds to
23 the Underlying Lawsuits to Seneca; and, for the first time, (2) demanded Seneca indemnify
24 her clients for the defense they were contractually obligated to provide to Defendant herein
25 Armory Studio, LLC with regard to its status as a defendant in the Underlying Lawsuits.
26 Based on conversations with attorney Tynan following Seneca's receipt of her August 12, 2016
27 letter, Seneca is informed and believe that attorney Tynan also demanded Seneca provide a
28 defense to Kink Studios, LLC and to the individuals named as defendants in the Underlying

Lawsuits.

35.     In response to the contentions contained in attorney Karen Tynan's August 12, 2016 letter, Seneca initiated an investigation. This investigation confirmed Seneca's records reflected *the Renewed Seneca Policy* issued to the Cybernet named insureds covering the period from April 30, 2013 to April 30, 2014 was intended to and did contain the Form BE-27 Endorsement identified as the *"Injury to Cast or Crew Exclusion"* and that that particular exclusion to coverage was identified in the "*Schedule of Forms and Endorsements*" as being attached to *the Renewed Seneca Policy*.  Seneca's investigation did not reveal or indicate that Seneca had included or intended to include an alternate Form BE-27 Endorsement containing an "*Injury to Volunteers Exclusion*."

36.     In light of the results of its investigation, Seneca responded to attorney Karen Tynan's August 12, 2016 letter by requesting she provide Seneca with a copy of th*e Renewed Seneca Policy* which she contended the Cybernet named insureds actually received from Seneca.

37.     On or about September 28, 2016, attorney Tynan dispatched an e-mail to Seneca which contained a copy of *the Renewed Seneca Policy* which she alleged the Cybernet named insureds had actually received from Seneca.  A true, correct and genuine copy of the version of the Renewed Seneca Policy received from Attorney Tynan is attached hereto as Exhibit "7," and is incorporated herein by reference.

38.     Seneca's review of the version of *the Renewed Seneca Policy* received from attorney Tynan revealed that while attorney Tynan's version of the Renewed Seneca Policy did in fact contain a "*Schedule of Forms and Endorsements*" indicating that the Form BE-27 Endorsement attached to *the Renewed Seneca Policy* was entitled, "*Injury to Cast or Crew Exclusion*," a different Form BE-27 Endorsement containing an "*Injury to Volunteers Exclusion*" was actually attached to that policy instead of and in the place of the "*Injury to Cast or Crew Exclusion*."

39.     As a result of its review of the version of *the Renewed Seneca Policy* attached hereto as Exhibit "7" as received from attorney Tynan in her September 8, 2016 e-mail, Seneca

1    concluded *if* it was true *the Renewed Seneca Policy* actually issued to and received by the

2    Cybernet named insureds included a version of Form BE-27 Endorsement containing an

3    "*Injury to Volunteers Exclusion*" instead of and in the place of the "*Injury to Cast or Crew*

4    *Exclusion*," it was the result of a unilateral clerical error on the part of the individual(s) who

5    actually assembled *the Renewed Seneca Policy* which did not reflect the true intentions of the

6    contracting parties.

7          40.     As a result of Seneca's investigation into the version of *the Renewed Seneca Policy*

8    received from attorney Tynan, Seneca decided to and did reverse its initial declination of

9    coverage in an October 10, 2016 letter authored by Seneca's Senior Executive Claims Director,

10   John Mrakovcic and dispatched to attorney Karen Tynan.  In his October 10, 2016 letter, John

11   Mrakovcic indicated to attorney Tynan that Seneca would assume the defense of the *Cybernet*

12   *Defendants* under *the Renewed Seneca Policy* with regard to their status as defendants in the

13   Underlying Actions pursuant to and under the auspices of a Reservation of Rights .  The

14   Reservation of Rights explained why Seneca was of the opinion that the Underlying Actions

15   did not give rise to a potential of coverage under the *Renewed Seneca Policy*.  John Mrakovcic's

16   October 10, 2016 letter also indicated to attorney Tynan that Seneca would indemnify

17   Cybernet for the defense it was contractually obligated to provide to Defendant herein

18   Armory Studios, LLC with regard to its status as a defendant in the Underlying Lawsuits,

19   subject to the same Reservation of Rights.

20         41.     Among other things, the Reservation of Rights informed attorney Tynan of

21   Seneca's contention that (1) the *Communicable Diseases Exclusion* contained in the *Renewed*

22   *Seneca Policy* operated to bar coverage for the Cybernet Defendants to the Underlying

23   Lawsuits because the plaintiffs in those lawsuits seek recovery of monetary damages for

24   contraction of the HIV virus; and that (2) the *"Schedule of Forms and Endorsements*" attached to

25   *the Renewed Seneca Policy* effective April 30, 2013 through April 30, 2014, specified that the

26   *Injury to Cast or Crew Exclusion* was intended to be a part of the policy; and that (3) the *Injury*

27   *to Cast or Crew Exclusion* was intended to be included in the Form BE-27 Endorsement in *the*

28   *Renewed Seneca Policy* issued to the Cybernet named insureds and that if it was not so

1  included in *the Renewed Seneca Policy* it was the result of a unilateral clerical mistake; and that

2  (4) the *Injury to Cast or Crew Exclusion* completely barred coverage for the Cybernet

3  Defendants under the *Renewed Seneca Policy* with regard to their status as defendants in the

4  Underlying Lawsuits; and that (5) coverage for the claims alleged in *the DOE lawsuit*, *the*

5  *Adams lawsuit* and *the Rodgers lawsuit* would be precluded under the auspices of either the

6  "Workers' Compensation And Similar Laws" exclusion and/or the "Employer's Liability"

7  exclusion contained within *the Renewed Seneca Policy*; and that (6) Seneca would file an action

8  asking this Court, among other things, to issue an order pursuant to *California Civil Code*

9  Sections 3399-3402 to reform *the Renewed Seneca Policy* so as to include the *Injuries to Cast or*

10  *Crew Exclusion*. A true and correct copy of the October 10, 2016 Reservation of Rights letter is

11  attached hereto as Exhibit "8" and incorporated herein by reference.

---

### FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
### FOR REFORMATION BASED ON UNILATERAL MISTAKE
**(*California Civil Code section 3399* et .seq.)**

---

15  42.   Seneca repeats, realleges and incorporates herein by this reference

16  Paragraphs 1 through 41 of this Complaint as if set forth in full and complete detail

17  herein.

18  43.   On or about April 30, 2013, a contract of liability insurance identified herein as

19  *the Renewed Seneca Policy* effective commencing on April 30, 2013 to and continuing to and

20  including April 30, 2014 was formed by and between the Cybernet named insureds and

21  Seneca. Among other things, the true intent of the contracting parties to *the Renewed Seneca*

22  *Policy* was that the policy was to include an *Injury to Cast and Crew Exclusion* as evidenced by

23  the fact that (1) the *Injury to Cast and Crew Exclusion* had been included in all previous Seneca

24  polices issued by Seneca to the Cybernet named insureds; and as is evidenced by the fact that

25  (2) the *Injury to Cast and Crew Exclusion* was actually identified on the *Schedule of Forms and*

26  *Endorsements* included within *the Renewed Seneca Policy* issued and delivered to the Cybernet

27  named insureds.

28  44.   The *Injury to Cast or Crew Exclusion* contained on the Form BE-27 Endorsement

which the parties intended to include within *the Renewed Seneca Policy* and which Seneca used to price the premium it charged for issuance of *the Renewed Seneca Policy* before authorizing the issuance and delivery of *the Renewed Seneca Policy,* reads as follows:

The following exclusion is added to Paragraph 2., **Exclusions of Section I -- Coverage A --Bodily Injury And Property Damage Liability** and Paragraph **2., Exclusions of Section I -- Coverage B -- Personal And Advertising Injury Liability**:

This insurance does not apply to "bodily injury", or "personal and advertising injury" to members of the cast or crew whether engaged as employees of the insured, independent contractors or in any other capacity.

45.     On or about August 8, 2016, Seneca was advised for the first time in a letter authored by the attorney representing the Cybernet Defendants—Karen Tynan—that while *the Renewed Seneca Policy* issued to the Cybernet named insureds contained the Form BE-27 Endorsement, that form actually contained an "*Injury to Volunteers Exclusion*" and not the "*Injury to Cast or Crew Exclusion*" which was identified in *Schedule of Forms and Endorsements* included in *the Renewed Seneca Policy*.

46.     Seneca is informed and believe and based thereon alleges that the Cybernet named insureds were aware of and had consented to the inclusion of the "*Injury to Cast or Crew Exclusion*" into *the Renewed Seneca Policy*.

47.     Seneca is a party to *the Renewed Seneca Policy* and will suffer and is suffering pecuniary loss and prejudice unless *the Renewed Seneca Policy* covering the period from April 30, 2013 to and including April 30, 2014 is reformed to include the Form BE-27 Endorsement containing the "*Injury to Cast or Crew Exclusion*" which Seneca intended to include within *the Renewed Seneca Policy* when it priced the premium for and approved issuance of *the Renewed Seneca Policy*. To the extent the Form BE-27 Endorsement containing the "*Injury to Cast or Crew Exclusion*" was not included within *the Renewed Seneca Policy* actually delivered to the Cybernet named insureds as contended by attorney Karen Tynan, that failure was the result of an inadvertent and unilateral clerical error made in the physical assembly of *the Renewed*

*Seneca Policy* by Seneca which failed to reflect and enact the intent of the contracting parties when they agreed to enter into *the Renewed Seneca Policy.*

48.     Seneca has no adequate remedy at law and alleges reformation of *the Renewed Seneca Policy* covering the period commencing April 30, 2013 and continuing to April 30, 2014 by order of this Court is necessary and appropriate in order to ensure *the Renewed Seneca Policy* reflects the intent of the parties to the contract that it include the "*Injury to Cast or Crew Exclusion.*"

49.     Wherefore, Seneca respectfully requests this Court issue an Order reforming *the Renewed Seneca Policy* covering the period commencing April 30, 2013 and continuing to April 30, 2014 so that the true intent of the parties is adequately expressed by the inclusion of the Form BE-27 Endorsement containing the "*Injury to Cast or Crew Exclusion.*"

### SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR DECLARATORY JUDGMENT RE DUTY TO DEFEND - "INJURIES TO CAST OR CREW EXCLUSION."
### (*Federal Rules of Civil Procedure Rule 57*)

50.     Seneca repeats, realleges and incorporates herein by this reference Paragraphs 1 through 49 of this Complaint as if set forth in full and complete detail herein.

51.     The Cybernet named insureds have demanded Seneca defend and indemnify the Cybernet Defendants with regard to their status as defendants in the Underlying Lawsuits alleged above under the auspices of *the Renewed Seneca Policy* effective April 30, 2013.

52.     A true, genuine and actual controversy exists by and between Seneca, on the one hand, and the Cybernet Defendants, on the other hand as is set forth below.

53.     Seneca contends that *the Renewed Seneca Policy* effective April 30, 2013 should be reformed to include the *"Injury to Cast or Crew Exclusion."*

54.     Seneca also contends that the *"Injury to Cast or Crew Exclusion"* applies to preclude any obligation on the part of Seneca to provide the Cybernet defendants with a defense to the Underlying Lawsuits under *the Renewed Seneca Policy* effective April 30, 2013, as reformed pursuant to the order of the Court.

55.     Seneca is informed and believes and thereon alleges that Defendants herein disagree with Seneca's contentions as set forth in paragraphs 53 and 54 and instead contend that (1) the renewed Seneca policy should not be reformed to include the *"Injury to Cast or Crew Exclusion;"* and that (2) the *"Injury to Cast or Crew Exclusion"* does not relieve Seneca from its obligation to defend the Cybernet Defendants with regard to their status as defendants in the Underlying Lawsuits.

56.     An actual controversy has arisen and now exists between Seneca, on the one hand, and the Defendants herein, and each of them, on the other hand, concerning their respective rights and duties under *the Renewed Seneca Policy* with respect to coverage for any damages that might be awarded against any Cybernet Defendant in the Underlying Lawsuits. Seneca therefore requests this Court issue a judicial determination of its rights and liabilities, if any, under *the Renewed Seneca Policy*, and a declaration that it has no duty to defend any Cybernet Defendant in the Underlying Lawsuits under *the Renewed Seneca Policy*.

**THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**
**FOR DECLARATORY JUDGMENT RE DUTY TO INDEMNITY**
**– "INJURIES TO CAST OR CREW EXCLUSION."**
**(*Federal Rules of Civil Procedure Rule 57*)**

57.     Seneca repeats, realleges and incorporates herein by this reference Paragraphs 1 through 56 of this Complaint as if set forth in full and complete detail herein.

58.     For the reasons set forth above, by virtue of the *"Injury to Cast or Crew Exclusion"* contained within *the Renewed Seneca Policy, the Renewed Seneca Policy* does not afford coverage for any potential judgment that may be rendered against any of the Cybernet Defendants herein.  Therefore, the claims asserted against the Cybernet Defendants in the Underlying Lawsuits do not trigger a duty on the part of Seneca to indemnify any Cybernet Defendant for any judgment entered or settlement reached in the Underlying Lawsuits under the auspices of *the Renewed Seneca policy* effective April 30, 2013.

59.     An actual controversy has arisen and now exists between Seneca, on the one hand, and the Defendants herein, and each of them, on the other hand, concerning their respective rights and duties under *the Renewed Seneca Policy* with respect to the existence of

1  liability insurance coverage for any damages that might be awarded against any of the

2  Cybernet Defendants in the Underlying Lawsuits.   Seneca therefore desires a judicial

3  determination of its rights and liabilities, if any, and a declaration that it has no duty to

4  indemnify any Cybernet Defendant in the Underlying Lawsuits.

5
6  **FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS**
   **FOR DECLARATORY JUDGMENT RE DUTY TO DEFEND -**
   **"COMMUNICABLE DISEASE EXCLUSION."**
7  **(*Federal Rules of Civil Procedure Rule 57*)**

8        60.     Seneca repeats, realleges and incorporates herein by this reference Paragraphs 1

9  through 59 of this Complaint as if set forth in full and complete detail herein.

10       61.     The *Renewed Seneca Policy* contained Form 2132 DS DG identified as

11 *"Communicable Disease Exclusion,"* applicable to both Coverage A and Coverage B, providing

12 that *the Renewed Seneca Policy* does not apply to *"bodily injury"* and/or *"personal and advertising*

13 *injury"* arising out of the actual or alleged transmission of a communicable disease.   The

14 exclusion further provides that:

15            "This exclusion applies even if the claims against any insured allege negligence
             or other wrongdoing in the:
16
             a.     Supervising, hiring, employing, training or monitoring of others that
17           may be infected with and spread a communicable disease;

18           b.     Testing for a communicable disease;

19           c.     Failure to prevent the spread of the disease; or

20           d.     Failure to report the disease to authorities."

21       62.     Seneca contends that the damages sought to be recovered from the Cybernet

22 Defendants in the Underlying Lawsuits arise out of the actual or alleged transmission of a

23 communicable disease.   As such, Seneca contends that the "*Communicable Disease Exclusion"*

24 contained within *the Renewed Seneca Policy* effective April 30, 2013 precludes any duty on the

25 part of Seneca to defend any of the Cybernet Defendants against the allegations made against

26 them in the Underlying Lawsuits.

27       63.     Seneca is informed and believes and thereon alleges that Defendants disagree

28 with Seneca's contentions as set forth in paragraph 62 and instead contend that the

16

*"Communicable Disease Exclusion"* contained within *the Renewed Seneca Policy* does not relieve Seneca from its obligation to defend the Cybernet Defendants with regard to their status as defendants in the Underlying Lawsuits.

64.    An actual controversy has arisen and now exists between Seneca, on the one hand, and the Defendants herein, and each of them, on the other hand, concerning their respective rights and duties under *the Renewed Seneca Policy* with respect to coverage for any damages that might be awarded against any Cybernet Defendant in the Underlying Lawsuits. Seneca therefore desires a judicial determination of its rights and liabilities, if any, under *the Renewed Seneca Policy*, and a declaration that it has no duty to defend any Cybernet Defendant in the Underlying Lawsuits under *the Renewed Seneca Policy*.

---

**FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
FOR DECLARATORY JUDGMENT RE DUTY TO INDEMNIFY
- "COMMUNICABLE DISEASE EXCLUSION."**
**(*Federal Rules of Civil Procedure Rule 57*)**

---

65.    Seneca repeats, realleges and incorporates herein by this reference Paragraphs 1 through 64 of this Complaint as if set forth in full and complete detail herein.

66.    For the reasons set forth above, by virtue of the *"Communicable Disease Exclusion"* contained within *the Renewed Seneca Policy, the Renewed Seneca Policy* does not afford coverage for any potential judgment that may be rendered against any of the Cybernet Defendants in the underlying lawsuits; therefore, the claims asserted against the Cybernet Defendants in the Underlying Lawsuits do not trigger a duty on the part of Seneca to indemnify any Cybernet Defendant for any judgment entered or settlement reached in the Underlying Lawsuits under the auspices of *the Renewed Seneca Policy* effective April 30, 2013.

67.    An actual controversy has arisen and now exists between Seneca, on the one hand, and the Defendants, and each of them, on the other hand, concerning their respective rights and duties under *the Renewed Seneca Policy* with respect to coverage for any damages that might be awarded against any Cybernet Defendant in the Underlying Lawsuits. Seneca therefore desires a judicial determination of its rights and liabilities, if any, and a declaration that it has no duty to indemnify any Defendant in the Underlying Lawsuits.

1

2

3

4

---

**SIXTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR
DECLARATORY JUDGMENT RE DUTY TO DEFEND -
"WORKERS' COMPENSATION AND SIMILAR LAWS"
EXCLUSION**
(*Federal Rules of Civil Procedure Rule 57*)

---

5   68.     Seneca repeats, realleges and incorporates herein by this reference

6  Paragraphs 1 through 67 of this Complaint as if set forth in full and complete detail

7  herein.

8   69.     The *Renewed Seneca Policy* contains Exclusion d, entitled "Workers'

9  Compensation And Similar Laws," providing that *the Renewed Seneca Policy* does not apply to

10  *"[a]ny obligation of the insured under a workers' compensation, disability benefits or unemployment*

11  *compensation law or any similar law."*

12   70.     Seneca is informed and believes that the damages being sought against the

13  Cybernet Defendants in the Underlying Lawsuits arise out of obligations of the insured under

14  a workers' compensation, disability benefits or unemployment compensation law or any

15  similar law.  As such, Seneca contends that the "Workers' Compensation And Similar Laws"

16  exclusion contained within *the Renewed Seneca Policy* effective April 30, 2013 precludes any

17  duty on the part of Seneca to defend any of the Cybernet Defendants against the allegations

18  made against them in the Underlying Lawsuits.

19   71.     Seneca is informed and believes and thereon alleges that Defendants disagree

20  with Seneca's contentions as set forth in paragraph 70 and instead contend that the *"Workers'*

21  *Compensation And Similar Laws"* exclusion contained within *the Renewed Seneca Policy* does not

22  relieve Seneca from its obligation to defend the Cybernet Defendants with regard to their

23  status as defendants in the Underlying Lawsuits.

24   72.     An actual controversy has arisen and now exists between Seneca, on the one

25  hand, and the Defendants, and each of them, on the other hand, concerning their respective

26  rights and duties under *the Renewed Seneca Policy* with respect to coverage for any damages

27  that might be awarded against any Cybernet Defendant in the Underlying Lawsuits.  Seneca

28  therefore desires a judicial determination of its rights and liabilities, if any, under *the Renewed*

1  *Seneca Policy*, and a declaration that it has no duty to defend any Cybernet Defendant in the

2  Underlying Lawsuits under *the Renewed Seneca Policy*.

---

3
4  **SEVENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR
    DECLARATORY JUDGMENT RE DUTY TO INDEMNIFY -
    "WORKERS' COMPENSATION AND SIMILAR LAWS" EXCLUSION**
5  **(*Federal Rules of Civil Procedure Rule 57*)**

---

6  73.    Seneca repeats, realleges and incorporates herein by this reference Paragraphs 1

7  through 72 of this Complaint as if set forth in full and complete detail herein.

8  74.    For the reasons set forth above, by virtue of the *"Workers' Compensation And*

9  *Similar Laws"* exclusion contained within *the Renewed Seneca Policy, the Renewed Seneca Policy*

10 does not afford coverage for any potential judgment that may be rendered against any of the

11 Cybernet Defendants herein.  Therefore, the claims asserted against the Cybernet Defendants

12 in the Underlying Lawsuits do not trigger a duty on the part of Seneca to indemnify any

13 Cybernet Defendant for any judgment entered or settlement reached in the Underlying

14 Lawsuits under the auspices of *the Renewed Seneca Policy* effective April 30, 2013.

15 75.    An actual controversy has arisen and now exists between Seneca, on the one

16 hand, and the Defendants, and each of them, on the other hand, concerning their respective

17 rights and duties under *the Renewed Seneca Policy* with respect to coverage for any damages

18 that might be awarded against any Defendant in the Underlying Lawsuits.  Seneca therefore

19 desires a judicial determination of its rights and liabilities, if any, and a declaration that it has

20 no duty to indemnify any Cybernet Defendant in the Underlying Lawsuits.

---

21
22 **EIGHTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR
    DECLARATORY JUDGMENT RE DUTY TO DEFEND -
    "EMPLOYER'S LIABILITY" EXCLUSION**
23 **(*Federal Rules of Civil Procedure Rule 57*)**

---

24 76.    Seneca repeats, realleges and incorporates herein by this reference Paragraphs 1

25 through 75 of this Complaint as if set forth in full and complete detail herein.

26 77.    The *Renewed Seneca Policy* contains Exclusion e, entitled *"Employer's Liability,"*

27 which provides that *the Renewed Seneca Policy* does not apply to damages for "bodily injury"

28

COMPLAINT FOR REFORMATION, DECLARATORY JUDGMENT AND REIMBURSEMENT

to:

          (1) An "employee" of the insured arising out of and in the course of:

          (a)     Employment by the insured; . . .

          This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

78.    Seneca is informed and believes that the damages being sought against the Cybernet Defendants in the Underlying Lawsuits arise out of *"bodily injuries"* sustained in the course of employment.  As such, Seneca contends that the "Employer's Liability" exclusion contained within *the Renewed Seneca Policy* effective April 30, 2013 precludes any duty on the part of Seneca to defend any of the Cybernet Defendants against the allegations made against them in the Underlying Lawsuits.

79.    Seneca is informed and believes and thereon alleges that Defendants disagree with Seneca's contentions as set forth in paragraph 78 and instead contend that the *"Employer's Liability"* exclusion contained within *the Renewed Seneca Policy* does not relieve Seneca from its obligation to defend the Cybernet Defendants with regard to their status as defendants in the Underlying Lawsuits.

80.    An actual controversy has arisen and now exists between Seneca, on the one hand, and the Defendants, and each of them, on the other hand, concerning their respective rights and duties under *the Renewed Seneca Policy* with respect to coverage for any damages that might be awarded against any Cybernet Defendant in the Underlying Lawsuits.  Seneca therefore desires a judicial determination of its rights and liabilities, if any, under *the Renewed Seneca Policy*, and a declaration that it has no duty to defend any Cybernet Defendant in the Underlying Lawsuits under *the Renewed Seneca Policy*.

/ / /

/ / /

/ / /

/ / /

/ / /

1
2
3

**NINTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
FOR DECLARATORY JUDGMENT RE DUTY TO INDEMNIFY -
"EMPLOYER'S LIABILITY"  EXCLUSION
(*Federal Rules of Civil Procedure Rule 57*)**

4      81.      Seneca repeats, realleges and incorporates herein by this reference Paragraphs 1

5    through 80 of this Complaint as if set forth in full and complete detail herein.

6      82.      For the reasons set forth above, by virtue of the *"Employer's Liability"* exclusion

7    contained within *the Renewed Seneca Policy, the Renewed Seneca Policy* does not afford coverage

8    for any potential judgment that may be rendered against any of the Cybernet Defendants

9    herein.  Therefore, the claims asserted against the Cybernet Defendants in the Underlying

10   Lawsuits do not trigger a duty on the part of Seneca to indemnify any Cybernet Defendant

11   for any judgment entered or settlement reached in the Underlying Lawsuits under the

12   auspices of *the Renewed Seneca Policy* effective April 30, 2013.

13     83.      An actual controversy has arisen and now exists between Seneca, on the one

14   hand, and the Defendants herein, and each of them, on the other hand, concerning their

15   respective rights and duties under *the Renewed Seneca Policy* with respect to coverage for any

16   damages that might be awarded against any Cybernet Defendant in the Underlying Lawsuits.

17   Seneca therefore desires a judicial determination of its rights and liabilities, if any, and a

18   declaration that it has no duty to indemnify any Cybernet Defendant in the Underlying

19   Lawsuits.

20
21
22

**TENTH CLAIM FOR RELIEF AGAINST THE CYBERNET
DEFENDANTS – REIMBURSEMENT OF DEFENSE FEES AND
COSTS
(*Federal Rules of Civil Procedure Rule 57*)**

23

24     84.      Seneca repeats, realleges and incorporates herein by this reference

25   Paragraphs 1 through 83 of this Complaint as if set forth in full and complete detail

26   herein.

27     85.      By virtue of the allegations contained above, the damages sought against the

28   Cybernet Defendants in the Underlying Lawsuits are not potentially covered under *the*

1   *Renewed Seneca Policy.*

2        86.     Pursuant to *Scottsdale Ins. Co. v. MV Transportation* (2005) 36 Cal.4th 643; and *Buss*

3   *v. Superior Court* (1997) 16 Cal.4th 35, Seneca is entitled to full and complete reimbursement of

4   all fees and costs incurred or to be incurred in the defense of the Cybernet Defendants in

5   connection with the Underlying Lawsuits.

6

7           **ELEVENTH CLAIM FOR RELIEF AGAINST THE CYBERNET**
           **DEFENDANTS – DECLARATORY JUDGMENT RE**

8            **INDEMNITY TO ARMORY STUDIOS, LLC**
           **(*Federal Rules of Civil Procedure Rule 57*)**

9        87.     Seneca repeats, realleges and incorporates herein by this reference Paragraphs 1

10   through 86 of this Complaint as if set forth in full and complete detail herein.

11        88.     *The Renewed Seneca Policy* contains the following "Contractual Liability"

12   exclusion, providing that the insurance provided under *the Renewed Seneca Policy* does not

13   apply to:

14          **b.**     **Contractual Liability**

15               "Bodily injury" or "property damage" for which the insured is obligated

16               to pay damages by reason of the assumption of liability in a contract

17               or agreement. This exclusion does not apply to liability for damages:

18               (1)     That the insured would have in the absence of the contract or

19                      agreement; or

20               (2)     Assumed in a contract or agreement that is an "insured contract",

21                      provided the "bodily injury" or "property damage" occurs

22                      subsequent to the execution of the contract or agreement. Solely

23                      for the purposes of liability assumed in an "insured contract",

24                      reasonable attorney fees and necessary litigation expenses

25                      incurred by or for a party other than an insured are deemed to

26                      be damages because of "bodily injury" or "property damage",

27                      provided:

28

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

89.     *The Renewed Seneca Policy* contains the following definition of an "insured contract:" "Insured contract" means:  a.  A contract for a lease of premises."

90.     In her letter to Seneca of August 12, 2016, Karen Tynan included a letter dated July 11, 2016 from an attorney representing Armory Studios, LLC in the Underlying Lawsuits, demanding that Cybernet agree to defend and indemnify Armory Studios, LLC in the Underlying Lawsuits pursuant to indemnity provisions in the lease between Cybernet and Armory Studios, LLC.   Ms. Tynan thus demanded that Seneca indemnify Cybernet for its contractual indemnity obligations owed to Armory Studios, LLC, contending that the lease constitutes an "insured contract" pursuant to the above provisions of *the Renewed Seneca Policy.*

91.     As per the provisions of *the Renewed Seneca Policy* cited above, Seneca's obligation to indemnify Cybernet for its contractual obligations owed to Armory Studios, LLC only applies to damages to which *the Renewed Seneca Policy* applies.  Therefore, should it be determined that *the Renewed Seneca Policy* does not apply to the damages being sought by the plaintiffs in the Underlying Lawsuits, Seneca would have no obligation to indemnify Cybernet for its alleged contractual obligations owed to Armory Studios, LLC.

92.     An actual controversy has arisen and now exists between Seneca, on the one hand, and the Defendants, and each of them, on the other hand, concerning their respective rights and duties under *the Renewed Seneca Policy* with respect to Seneca's obligation to indemnify Cybernet for its contractual obligations owed to Armory Studios, LLC.   Seneca therefore desires a judicial determination of its rights and liabilities, if any, under *the Renewed*

1  *Seneca Policy*, and a declaration that it has no duty to indemnify Cybernet for its contractual

2  obligations owed to Armory Studios, LLC.

3  ———————————

**PRAYER FOR
RELIEF**

4  ———————————

5  **WHEREFORE,** Plaintiff, Seneca Insurance Company hereby respectfully requests this

6  Court enter judgment on its behalf as follows:

7     **1.    As to the First Claim for Relief for Reformation**:

8        A.    That this court exercise its equitable power and reform Seneca Insurance

9  Company Policy Number GLP4600447 covering the period from April 30, 2013 to April 30,

10  2014 by replacing the Form BE-27 Endorsement, entitled "*Injury to Volunteers Exclusion*" which

11  the Cybernet Defendants contend was included within *the Renewed Seneca Policy* Number

12  GLP4600447 allegedly delivered and issued to the Cybernet named insureds with the correct

13  Form BE-27 Endorsement entitled "*Injury to Cast to Crew Exclusion*," in order to reflect the true

14  mutual intent of the contracting parties at the time of policy issuance.

15     **2.    As to the Second Claim for Relief for Declaratory Judgment**:

16        A.    A Declaration that the *"Injury to Cast and Crew Exclusion"* is made a part

17  of, and is effective to, *the Renewed Seneca Policy* effective April 30, 2013; and

18        B.    A Declaration that the *"Injury to Cast and Crew Exclusion"* contained in *the*

19  *Renewed Seneca Policy* effective April 30, 2013, as reformed by this Court, precludes any duty

20  on the part of Seneca to provide a defense to any person or entity qualifying as an "insured"

21  under *the Renewed Seneca Policy* as to the claims asserted in *the DOE lawsuit*, *the Adams lawsuit*

22  and/or the *Rodgers lawsuit.*

23     **3.    As to the Third Claim for Relief for Declaratory Judgment**:

24        A.    A Declaration that the *"Injury to Cast and Crew Exclusion"* contained in *the*

25  *Renewed Seneca Policy* effective April 30, 2013, as reformed by this Court, precludes any duty

26  on the part of Seneca to indemnify any Defendant or any person or entity qualifying as an

27  "insured" under *the Renewed Seneca Policy* with respect to any judgment or settlement in *the*

28  *DOE lawsuit, the Adams lawsuit* and/or the *Rodgers lawsuit.*

COMPLAINT FOR REFORMATION, DECLARATORY JUDGMENT AND REIMBURSEMENT

1       **4.**      **As to the Fourth Claim for Relief for Declaratory Judgment**:

2             A.     A Declaration that the *"Communicable Disease"* exclusion contained in *the*

3   *Renewed Seneca Policy* effective April 30, 2013, precludes any duty on the part of Seneca to

4   provide a defense to any person or entity qualifying as an "insured" under *the Renewed Seneca*

5   *Policy* as to the claims asserted in *the DOE lawsuit, the Adams lawsuit* and/or the *Rodgers*

6   *lawsuit.*

7       **5.**      **As to the Fifth Claim for Relief for Declaratory Judgment**:

8             A.     A Declaration that the *"Communicable Disease"* exclusion contained in *the*

9   *Renewed Seneca Policy* effective April 30, 2013, precludes any duty on the part of Seneca to

10  indemnify any Defendant or any person or entity qualifying as an "insured" under *the*

11  *Renewed Seneca Policy* with respect to any judgment or settlement in *the DOE lawsuit, the*

12  *Adams lawsuit* and/or the *Rodgers lawsuit.*

13      **6.**      **As to the Sixth Claim for Relief for Declaratory Judgment**:

14            A.     A Declaration that the *"Workers' Compensation And Similar Laws"*

15  exclusion contained in *the Renewed Seneca Policy* effective April 30, 2013, precludes any duty

16  on the part of Seneca to provide a defense to any person or entity qualifying as an "insured"

17  under *the Renewed Seneca Policy* as to the claims asserted in *the DOE lawsuit, the Adams lawsuit*

18  and/or the *Rodgers lawsuit.*

19      **7.**      **As to the Seventh Claim for Relief for Declaratory Judgment**:

20            A.     A Declaration that the *"Workers' Compensation And Similar Laws"*

21  exclusion contained in *the Renewed Seneca Policy* effective April 30, 2013, precludes any duty

22  on the part of Seneca to indemnify any Defendant, or any person or entity qualifying as an

23  "insured" under *the Renewed Seneca Policy,* with respect to any judgment or settlement in *the*

24  *DOE lawsuit, the Adams lawsuit* and/or the *Rodgers lawsuit.*

25      **8.**      **As to the Eighth Claim for Relief for Declaratory Judgment**:

26            A.     A Declaration that the *"Employer's Liability"* exclusion contained in *the*

27  *Renewed Seneca Policy* effective April 30, 2013, precludes any duty on the part of Seneca to

28  provide a defense to any person or entity qualifying as an "insured" under *the Renewed Seneca*

COMPLAINT FOR REFORMATION, DECLARATORY JUDGMENT AND REIMBURSEMENT

1     *Policy* as to the claims asserted in *the DOE lawsuit, the Adams lawsuit* and/or the *Rodgers*

2     *lawsuit.*

3     **9.**      **As to the Ninth Claim for Relief for Declaratory Judgment**:

4          A.      A Declaration that the *"Employer's Liability"* exclusion contained in *the*

5     *Renewed Seneca Policy* effective April 30, 2013, precludes any duty on the part of Seneca to

6     indemnify any Defendant, or any person or entity qualifying as an "insured" under *the*

7     *Renewed Seneca Policy*, with respect to any judgment or settlement in *the DOE lawsuit, the*

8     *Adams lawsuit* and/or the *Rodgers lawsuit.*

9     **10.**     **As to the Tenth Claim for Relief for Declaratory Judgment**:

10         A.      A judgment that Seneca is entitled to restitution and reimbursement

11    from the Cybernet Defendants for any and all sums expended in the defense of the

12    Underlying Lawsuits.

13         B.      An order directing the Cybernet Defendants to reimburse Seneca for

14    sums expended in the defense of the Underlying Lawsuits in an amount to be determined by

15    the Court.

16         C.      A judgment that Seneca is entitled to restitution and reimbursement from

17    the Cybernet Defendants for any and all sums expended by Seneca in satisfaction of the

18    Cybernet Defendants' indemnity obligations owed to Armory Studios, LLC with respect to

19    the Underlying Action.

20         D.      An order directing the Cybernet Defendants to reimburse Seneca for

21    sums expended by Seneca in satisfaction of the Cybernet Defendants' indemnity obligations

22    owed to Armory Studios, LLC with respect to the Underlying Action, in an amount to be

23    determined by the Court.

24    **11.**     **As to the Eleventh Claim for Relief for Declaratory Judgment**:

25         A.      A judgment that Seneca has no duty to indemnify Cybernet under *the*

26    *Renewed Seneca Policy* for its alleged contractual obligations of defense and indemnity owed to

27    Armory Studios, LLC with respect to the Underlying Lawsuits.

28    / / /

COMPLAINT FOR REFORMATION, DECLARATORY JUDGMENT AND REIMBURSEMENT

**As to All Causes of Action**:

A.   For costs of suit incurred herein and such other and further relief as the Court deems just and proper.

DATED: November 10, 2016            William D. Naeve
                                    Bryan M. Weiss
                                    **MURCHISON & CUMMING, LLP**

                            By:   /s/ Bryan M. Weiss
                                    William D. Naeve
                                    Bryan M. Weiss
                                    Attorneys for Plaintiff,
                                    SENECA INSURANCE COMPANY, INC.

---

### DEMAND FOR JURY TRIAL

---

**COMES NOW**, Plaintiff Seneca Insurance Company and pursuant to *Federal Rules of Civil Procedure*, Rule 38(b)(1), hereby demands trial by jury on any issue triable of right.

DATED: November 10, 2016            William D. Naeve
                                    Bryan M. Weiss
                                    **MURCHISON & CUMMING, LLP**

                            By:   /s/ Bryan M. Weiss
                                    William D. Naeve
                                    Bryan M. Weiss
                                    Attorneys for Plaintiff,
                                    SENECA INSURANCE COMPANY,
                                    INC.

COMPLAINT FOR REFORMATION, DECLARATORY JUDGMENT AND REIMBURSEMENT