# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SENECA INSURANCE COMPANY, INC.,**<br>PLAINTIFF,<br>v.<br>**CYBERNET ENTERTAINMENT, LLC, ET AL.,**<br>DEFENDANTS. | CASE NO. 16-cv-06554-YGR<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>DKT. NO. 103 |
| **CYBERNET ENTERTAINMENT, LLC,**<br>THIRD PARTY PLAINTIFF,<br>v.<br>**STATE COMPENSATION INSURANCE FUND,**<br>THIRD PARTY DEFENDANT. | |

Third party plaintiff Cybernet Entertainment, LLC ("Cybernet") has filed a motion for leave to file a motion for reconsideration[1] of this Court's order granting third party defendant State Compensation Insurance Fund's ("State Fund") motion for summary judgment and denying Cybernet's cross-motion for summary judgment. Civil Local Rule ("LR") 7-9(b) provides that a motion for leave to file a motion for reconsideration must be supported by reasonable diligence in bringing the motion, and a showing of one of the following:

> **(1)** That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

---

[1] Under Federal Rule of Civil Procedure 54(b), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

**(2)** The emergence of new material facts or a change of law occurring after the time of such order; or
**(3)** A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Here, Cybernet argues that it has satisfied the third option because the "Court appeared not to consider Cybernet's arguments that (1) there is a duty to defend the underlying negligence claims because factual and legal disputes remain in the underlying claims as to whether the Workers' Compensation Act [the "Act"] pre-empts those claims and (2) there is a duty to defend the underlying tort claims because there is a factual dispute as to whether Cybernet intended to injure the plaintiffs." (Dkt. No. 103, "Motion for Leave" at 2:16-21.)

Cybernet does not persuade. Regarding the first alleged "manifest failure by the Court to consider material facts or dispositive legal arguments" which involves the Court's alleged failure to consider whether the Act pre-empts plaintiffs' negligence claims, the Court carefully considered and addressed the parties arguments on this issue and found the negligence claims pre-empted by the Act. (Dkt. No. 102, "Summary Judgment Order" at 5:1-9:5.) In any event, Cybernet "agrees that the underlying negligence claims *ought* to be found pre-empted." (Motion for Leave at 4:5-6 (emphasis in original).) Cybernet's argument hinges on its contention that the "superior court may err, or it may seek to extend existing law in the direction suggested in Cybernet's briefing." (*Id*. at 4:7-8.) Cybernet's speculative argument regarding the possibility that the superior court may (i) err in finding the negligence claims not pre-empted under the Act, or (ii) issue a decision which is contrary to existing state law, fails to establish a "manifest failure by the Court to consider material facts or dispositive legal arguments." Civil LR 7-9(b).

Cybernet's second argument is that the Court failed to consider that some of the underlying plaintiff's tort claims did not require intent to injure. This argument fails because the Court considered and addressed this argument in its Summary Judgment Order. (Summary Judgment Order at 10:16-11:14, 12:18-13:18.) Therein, the Court noted that the plain language of the Workers' Compensation and Employer's Liability Insurance Policy (the "Policy") which State Fund issued to Cybernet for the policy period during which plaintiffs were allegedly injured, contains an exclusion for "damages or bodily injury intentionally caused or aggravated by"

1  Cybernet. (Dkt. No. 63-4 at § II.C.5.) Here, the underlying plaintiffs' specifically alleged that Cybernet engaged in conduct which was "committed knowingly, willfully and maliciously, with the *intent to harm, injure*, vex, annoying and oppress Plaintiff[s] and with a conscious disregard of Plaintiff's rights health, and safety." (Dkt No. 64, Ex. 1 ¶¶ 108, 120, 165, 189; Ex. 2 ¶¶ 95, 107, 152, 191; Ex. 3 ¶¶ 93, 105, 150 (emphasis supplied).) Accordingly, no duty to defend exists under the policy. *See Montrose Chem. Corp. v. Superior Court*, 6 Cal.4th 287, 300 (1993) ("The duty to defend is determined by reference to the policy, the complaint, and all facts known to the insurer from any source.").

Cybernet's argument that the underlying plaintiffs' battery claims do not require proof of intent to injure is not persuasive because regardless of whether plaintiffs were required to allege an intent element, plaintiffs did in fact allege an "intent to harm" with regard to their battery claims. (Dkt. No. 64, Ex. 1 ¶ 180; Ex. 2 ¶ 182; Ex. 3 ¶ 182.) Further, Cybernet's attempt to analogize to the Court's finding that State Fund was not entitled to summary judgment under California Insurance Code Section 533 fails because Section 533 requires more than "intent within the meaning of traditional tort principles" whereas under the Policy intent is sufficient. *See Transp. Indem. Co. v. Aerojet Gen. Corp.,* 202 Cal.App.3d 1184, 1188 (Ct. App. 1988). "Indeed, the clear line of authority in this state is that even an act which is 'intentional' or 'wilful' within the meaning of traditional tort principles is not a 'wilful act' under section 533 unless it is done with a 'preconceived design to inflict injury.'" *Id*. (quoting *Clemmer* v. *Hartford Insurance Co*., 22 Cal.3d 865, 887 (1978)).

For the reasons discussed above, Cybernet's motion for leave to file a motion for reconsideration is **DENIED**.

This terminates Dkt. No. 103.

**IT IS SO ORDERED.**

Dated: December 5, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

3