**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SENECA INSURANCE COMPANY, INC.,**<br>PLAINTIFF,<br>V.<br>**CYBERNET ENTERTAINMENT, LLC, ET AL.,**<br>DEFENDANTS. | CASE NO. 16-cv-06554-YGR<br><br>**ORDER GRANTING RULE 54(B) CERTIFICATION AND JUDGMENT FOR STATE COMPENSATION INSURANCE FUND**<br><br>DKT. NO. 103 |
| **CYBERNET ENTERTAINMENT, LLC,**<br>THIRD PARTY PLAINTIFF,<br>V.<br>**STATE COMPENSATION INSURANCE FUND,**<br>THIRD PARTY DEFENDANT. | |

In an order dated November 27, 2017, this Court denied third party plaintiff Cybernet Entertainment, LLC's ("Cybernet") motion for partial summary judgment and granted third party defendant State Insurance Compensation Fund's ("State Fund") cross motion for summary judgment. (Dkt. No. 102.) Pursuant thereto, this Court held that no duty to defend Cybernet exists with regard to the three lawsuits filed by plaintiffs John Doe, Cameron Adams, and Joshua Rodgers against Cybernet in San Francisco Superior Court. (*Id*.) Three days later, Cybernet filed a motion for leave to file a motion for reconsideration, which this Court denied. (Dkt. Nos. 103, 107.)

Now before the Court is State Fund's motion for certification of final judgment under Fed. R. Civ. Pro. 54(b). Cybernet does not oppose the motion. (Dkt. No. 109.) Pursuant to Rule 54(b), "when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the

entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

The parties agree that the Court's order dated November 27, 2017, constitutes a final judgment for purposes of Rule 54(b). In granting State Fund's motion for summary judgment, the Court disposed of all causes of action which Cybernet pleaded in its complaint against State Fund. Thus, certification under Rule 54(b) is appropriate unless there "just reason for delay" exists. Whether a "just reason for delay" exists turns on two factors, namely, (i) whether certification would serve the "judicial administrative interest" and (ii) "the equities involved." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980).

Regarding the first factor, consideration of the judicial administrative interest "is necessary to assure that application of [Rule 54(b)] effectively preserves the historic federal policy against piecemeal appeals." *Id*. (Internal quotations omitted.) Here, the remaining claims asserted by Seneca Insurance Company, Inc. against Cybernet are separate and distinct from those claims asserted by Cybernet against State Fund which were resolved by this Court's November 27, 2017 Order. Thus, no risk of duplicative appeals exists. *Id*. at 6.

The second factor which considers "the equities involved" also weighs in favor of granting State Fund's motion. Delaying resolution of the duty to defend issue until after the underlying lawsuits in state court are resolved would be unduly prejudicial to State Fund because resolution of the underlying plaintiffs' claims against Cybernet is not relevant to the issue of State Fund's duty to defend Cybernet.

For the reasons discussed above, State Fund's motion for Rule 54(B) certification is **GRANTED.** Given the foregoing, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that Cybernet shall take nothing by way of its Third Party Complaint against State Fund. State Fund will be entitled to costs.

//
//
//

2

This terminates Dkt. No. 103.

**IT IS SO ORDERED.**

Dated: December 20, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**